JUDGE HOLWELL

'08 CIV 5765

Terry L. Stoltz
Kevin J.B. O'Malley
NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
(212) 220-3830

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| SENEZH SHIPPING LIMITED, | |
| Plaintiff, | |
| v. | 08 CV _____ |
| ALPHAMATE LIMITED and ALPHAMATE COMMODITY GmbH, | **VERIFIED COMPLAINT** |
| Defendants. | |

Plaintiff Senezh Shipping Limited ("Senezh"), by and through its undersigned attorneys, as and for its Verified Complaint against Defendants Alphamate Limited and Alphamate Commodity GmbH ("Alphamate Commodity") alleges, upon information and belief, as follows:

## JURISDICTION

1.     This is an action that comes within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and that alleges admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## PARTIES

2.     At all times relevant hereto, Senezh was and is a business entity organized and existing under the laws of a foreign country.

3.     At all times relevant hereto, Senezh was and is the owner of the ocean going

vessel known as the M/V TARUSA (the "Vessel").

4.      At all times relevant hereto, Alphamate Limited was and is a business entity organized and existing under the laws of a foreign country with an office located at 41 Chalton Street, First Floor, London, NW1 1JD, United Kingdom.

5.      At all times relevant hereto, Alphamate Limited was and is owned by Mihaela Eikel and Andrey Lyubimov, both of whom list their address as Innocentiastrasse 19, 20149 Hamburg, Germany.

6.      At all times relevant hereto, Mihaela Eikel and Andrey Lyubimov were and are the directors of Alphamate Limited.

7.      At all times relevant hereto, Andrey Lyubimov was and is an officer of Alphamate Limited.

8.      At all times relevant hereto, Alphamate Commodity was and is a business entity organized and existing under the laws of a foreign country with offices located at Holstenwall 13, 20355 Hamburg, Germany and/or at Borsteler Chaussee 43, 22453 Hamburg, Germany.

9.      At all times relevant hereto, Alphamate Commodity was and is owned by Mihaela Eikel and Andrey Lyubimov.

10.     At all times relevant hereto, Andrey Lyubimov was and is an officer of Alphamate Commodity.

11.     As set forth in the accompanying Declaration of Kevin J.B. O'Malley, neither Alphamate Limited nor Alphamate Commodity can be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## MARITIME CONTRACT

12.    On December 17, 2007, Senezh, as owner, and Alphamate Limited, as charterer, entered into a charter party contract (the "Charter Party"), whereby Alphamate Limited hired the M/V TARUSA to perform a voyage and to carry Alphamate Limited's cargo of soyabean meal from San Lorenzo to Libya.

13.    In exchange for the use of the Vessel to carry its designated cargo, and as provided for in the Charter Party, Alphamate Limited agreed to pay freight to Senezh in the amount of $116.00 per metric ton and to pay demurrage to Senezh in the amount of $14,000.00 per day.

14.    The freight owed by Alphamate Limited under the Charter Party was paid to Senezh by Alphamate Commodity.

15.    In accordance with the Charter Party, the Vessel performed the subject voyage and carried Alphamate Limited's cargo of soyabean meal from San Lorenzo to Libya.

## AS AND FOR A FIRST CAUSE OF ACTION

16.    Senezh adopts and realleges paragraphs "1" through "15" as though fully set forth herein.

17.    Between February 8, 2008 and March 13, 2008, Alphamate Limited incurred demurrage at Tripoli, where the Vessel discharged a cargo for Alphamate Limited's account, in the amount of $307,870.50.

18.    Senezh has demanded payment from Alphamate Limited of the sum of $307,870.50 but, despite having made due demand, Alphamate Limited, in breach of the Charter Party, has refused or otherwise failed to pay the demurrage due under the Charter Party.

3

19.    While the Vessel was at Tripoli, Senezh was forced to pay an amount equivalent to $75,250.00 to settle an unjustified demand by the Libyan receivers of Alphamate Limited's cargo as compensation for alleged losses resulting from delays in discharging the cargo, failing which the Vessel would have been arrested and prevented from sailing upon completion of discharge.

20.    Alphamate Limited is required to indemnify Senezh for the $75,250.00 paid by Senezh to the Libyan receivers of Alphamate Limited's cargo.

21.    The Charter Party provides that it is to be governed by English law and that all disputes between the parties are to be resolved by arbitration in London.

22.    By reason of Alphamate Limited's breach of the Charter Party, Senezh has served notice on Alphamate Limited that Senezh will avail itself of all of its legal and contractual remedies including, but not limited to, arbitration in London.

23.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration governed by English law.

24.    As best can now be estimated, Senezh expects to recover the following amounts from Alphamate Limited in London arbitration:

    a.    principal claim for demurrage in the amount of $307,870.50;

    b.    principal claim for reimbursement for the sums paid to the receivers of Alphamate Limited's cargo in the amount of $75,250.00;

    c.    estimated interest of $68,221.55 on the above claims, calculated at the rate of 5.5%, compounded every three months, for three years, the estimated time it will take to obtain a final arbitration award and to

4

enter the same as a judgment; and

    d.  estimated attorneys' fees, costs and the costs of arbitration, which

        English solicitors estimate to be $120,000.00,

for a total claim amount of $571,342.05. Senezh reserves the right to increase the amount claimed should the amount set forth herein be insufficient to fully secure its claims against Alphamate Limited.

25.    This cause of action is brought under 9 U.S.C. § 8 to obtain security in favor of Senezh in the total amount of $571,342.05 in respect of its claims against Alphamate Limited and, if necessary, to recognize and enforce the foreign arbitration award, when rendered, as a judgment of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION

26.    Senezh adopts and realleges paragraphs "1" through "25" as though fully set forth herein.

27.    At all times relevant hereto, there has existed such unity of ownership and interest between Alphamate Limited and Alphamate Commodity that no separation exists between them, and the corporate form of Alphamate Limited has been disregarded such that Alphamate Commodity primarily transacts the business of Alphamate Limited, or vice versa, and, therefore, they are the alter egos of each other.

28.    At all times relevant hereto, the aggregate nominal value of the shares issued by Alphamate Limited was and is £100.00.

29.    At all times relevant hereto, Alphamate Limited was inadequately capitalized.

30.    At all times relevant hereto, Alphamate Limited and Alphamate Commodity have

5

had overlapping ownership, management, personnel and purposes such that Alphamate Limited and Alphamate Commodity do not operate at arms length.

31.     At all times relevant hereto, there was an intermingling of funds between Alphamate Limited and Alphamate Commodity.

32.     On or about January 18, 2008, Alphamate Commodity paid freight to Senezh in the amount of $1,507,736.10 on behalf of Alphamate Limited in respect of the Charter Party to satisfy the contractual obligations of Alphamate Limited in circumstances where Alphamate Commodity was not obligated to Senezh.

33.     The significant payment made by Alphamate Commodity on behalf of Alphamate Limited is indicative of the fact that the two entities do not operate at arms length and funds are commingled between them.

34.     At all times relevant hereto, Alphamate Commodity has dominated, controlled or used Alphamate Limited for its own purposes such that there is no meaningful difference between the two entities, or vice versa.

35.     At all times relevant hereto, Alphamate Commodity has disregarded the corporate form of Alphamate Limited to the extent that Alphamate Commodity was actually carrying on Alphamate Limited's business and operations as if the same were its own, or vice versa.

36.     There are reasonable grounds to conclude that Alphamate Commodity is the alter ego of Alphamate Limited, or vice versa, and, therefore, Senezh has a valid, prima facie *in personam* claim against Alphamate Commodity based upon alter ego liability.

37.     Additionally, or in the alternative, Alphamate Limited utilizes Alphamate Commodity to transfer funds through, to and from the Southern District of New York on its

behalf, or vice versa, in an attempt to evade Process of Maritime Attachment and Garnishment and, therefore, Alphamate Commodity is liable to Senezh as an agent, partner and/or joint venturer of Alphamate Limited.

38.    As best can now be estimated, Senezh asserts a maritime claim against Alphamate Commodity as follows:

      a.  principal claim for demurrage in the amount of $307,870.50;

      b.  principal claim for reimbursement for the sums paid to the receivers of Alphamate Limited's cargo in the amount of $75,250.00;

      c.  estimated interest of $68,221.55 on the above claims, calculated at the rate of 5.5%, compounded every three months, for three years, the estimated time it will take to obtain a final arbitration award and to enter the same as a judgment; and

      d.  estimated attorneys' fees, costs and the costs of arbitration, which English solicitors estimate to be $120,000.00,

for a total claim amount of $571,342.05.  Senezh reserves the right to increase the amount claimed should the amount set forth herein be insufficient to fully secure its claims against Alphamate Commodity.

WHEREFORE, Plaintiff Senezh Shipping Limited respectfully prays that the Court:

a)  issue process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to attach the tangible and intangible property of Defendants Alphamate Limited and Alphamate Commodity GmbH, if said Defendants cannot be found within the District, up to and including the amount

7

sued for herein;

b)  retain jurisdiction to enter judgment in favor of Plaintiff Senezh Shipping Limited on any award rendered in the London arbitration against Defendant Alphamate Limited;

c)  enter judgment against Defendant Alphamate Commodity GmbH on Plaintiff Senezh Shipping Limited's second cause of action;

d)  condemn and sell the tangible and intangible property of Defendants Alphamate Limited and Alphamate Commodity GmbH to satisfy the judgment; and

e)  award such other and further relief as the Court may deem just and proper.

Dated: June 26, 2008
       New York, New York

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiff*

By:    Kevin J.B. O'Malley

Kevin J.B. O'Malley
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
(212) 220-3830

## **VERIFICATION**

STATE OF NEW YORK        }
                         ss:
COUNTY OF NEW YORK       }

KEVIN J.B. O'MALLEY, being duly sworn, deposes and says:

I am the attorney for Plaintiff Senezh Shipping Limited, with responsibility for pursuing the claims referred to in the Verified Complaint. The foregoing Verified Complaint is true to my knowledge and belief, except as to matters alleged upon information and belief, and as to those matters, I believe them to be true. I make this Verification on behalf of Plaintiff because Plaintiff is a corporation organized and existing under the laws of the Marshall Islands and does not have any offices or managing agents in this District.

_____
KEVIN J.B. O'MALLEY

Subscribed and sworn to before me
this __ day of June 2008

_____
NOTARY PUBLIC

WILLIAM M. FENNELL
Notary Public, State of New York
02FE6116348
Qualified in Nassau County
Commission Expires Sept. 27, 200_