JUDGE HOLWELL

Terry L. Stoltz
Kevin J.B. O'Malley
NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
(212) 220-3830

**08 CIV 5765**



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SENEZH SHIPPING LIMITED,

  Plaintiff,

v.

ALPHAMATE LIMITED and
ALPHAMATE COMMODITY GmbH,

  Defendants.

08 CV _____

**RULE 7.1 STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable the District Judges and

Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned

counsel for Plaintiff Senezh Shipping Limited (a private, non-governmental party) certifies that

said party has no parent corporation and that no publicly held corporation owns any of its stock.

Dated: June 26, 2008
     New York, New York

                    NICOLETTI HORNIG & SWEENEY
                    *Attorneys for Plaintiff*

          By:    *Kevin J. B. O'Malley*
                    Kevin J.B. O'Malley
                    Wall Street Plaza
                    88 Pine Street, Seventh Floor
                    New York, New York 10005
                    (212) 220-3830

JUDGE HOLWELL

'08 CIV 5765

Terry L. Stoltz
Kevin J.B. O'Malley
NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
(212) 220-3830

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SENEZH SHIPPING LIMITED,

      Plaintiff,

v.

ALPHAMATE LIMITED and
ALPHAMATE COMMODITY GmbH,

      Defendants.

08 CV _____

**DECLARATION OF KEVIN J.B. O'MALLEY**
**IN SUPPORT OF ISSUANCE OF PROCESS OF MARITIME**
**ATTACHMENT AND GARNISHMENT PURSUANT TO RULE B AND**
**APPOINTMENT OF SPECIAL PROCESS SERVER**

Pursuant to 28 U.S.C. § 1746, KEVIN J.B. O'MALLEY declares under penalty of perjury

as follows:

1.      I am associated with Nicoletti Hornig & Sweeney, attorneys for Plaintiff Senezh

Shipping Limited ("Senezh") in the above-captioned action. I have been the attorney responsible

for this matter from the beginning and, as such, I am fully familiar with all prior proceedings

herein.

2.      I make this declaration in support of Senezh's application for an order of

attachment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions and for an order appointing a special process server pursuant to Rule

4(c) of the Federal Rules of Civil Procedure.

3.     I have made the following efforts to locate Defendants Alphamate Limited and Alphamate Commodity GmbH ("Alphamate Commodity") in this District:

(a) I checked various telephone directories for this District and found no listing for either Alphamate Limited or Alphamate Commodity;

(b) I checked the New York Secretary of State's Corporation and Business Entity Database and found no listing or registration for either Alphamate Limited or Alphamate Commodity; and

(c) I made several searches on the Internet using various search engines and found no indication that either Alphamate Limited or Alphamate Commodity can be found within this District for either jurisdictional or service of process purposes.

4.     I have exercised due diligence to determine whether Alphamate Limited or Alphamate Commodity may be found in this District, and I have found no indication that said Defendants can be found within this District.  I have formed a good faith belief that Alphamate Limited and Alphamate Commodity do not have sufficient contacts or business activities within this District to satisfy the requirements of *in personam* jurisdiction.  I have formed a further good faith belief that Alphamate Limited and Alphamate Commodity are not subject to service of process in this District.

5.     To my knowledge, Alphamate Limited and Alphamate Commodity cannot be found within this District for the purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

6.     Upon information and belief, Alphamate Limited and Alphamate Commodity have or will have during the pendency of this action tangible or intangible property that is in the possession of, custody of, control of, or being transferred through garnishees in this District.

7.    Plaintiff is desirous of serving the Process of Maritime Attachment and Garnishment on the garnishees with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy any arbitration award and/or judgment that may ultimately be obtained by Plaintiff against the Defendants.

8.    For the foregoing reason, on behalf of Plaintiff, I request that, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, the Court appoint the partners, associates, paralegals and employees of Nicoletti Hornig & Sweeney to serve the Process of Maritime Attachment and Garnishment upon the garnishees listed in the Order for Issuance of Process of Maritime Attachment and Garnishment, as well as upon any other garnishee in this District who, upon information that is developed subsequent hereto, may hold assets for or on account of the Defendants. The partners, associates, paralegals and employees of Nicoletti Hornig & Sweeney who will be so appointed are over eighteen years of age and are not parties to this action.

9.    I declare under penalty of perjury that the foregoing is true and correct.

Executed:    June 26, 2008
             New York, New York


                                              _Kevin J. B. O'Malley_
                                              KEVIN J.B. O'MALLEY